UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARDAE THOMAS,

Plaintiff,                                          Case Number 2:18-cv-11897
                                                    Honorable
v.

IQ DATA INTERNATIONAL, INC.,

Defendants.
_____/

HADOUS|CO. PLLC
Nemer N. Hadous (CA #264431)
1 Parklane Blvd., Suite 729 East
Dearborn, Michigan 48126
(313) 415-5559 (phone)
(888) 450-0687 (fax)
nhadous@hadousco.com
Attorneys for Plaintiff Thomas

**CIVIL COMPLAINT**
**JURY DEMAND**

Plaintiff, Shardae Thomas, ("Plaintiff"), by counsel, brings this action for damages against Defendant IQ Data International, Inc. ("IQD"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") (collectively, "Defendants"), arising from violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction because this action arises from violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper pursuant to 15 U.S.C. § 1692k(d) (FDCPA), and 15 U.S.C. 1681p (FCRA) (permitting actions to enforce liability in appropriate federal district court).

2. Venue in the United States District Court for the Eastern District of Michigan is proper because Defendants regularly transact business within this District, are otherwise subject to personal jurisdiction in this District, and a substantial part of events or omissions occurred in this District.

## PARTIES

3. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

4. Plaintiff is a natural person obligated or allegedly obligated to pay any debt and is thus "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3). Many relevant events giving rise to this action occurred in this District, including Plaintiff's bankruptcy, which she filed in this District's Bankruptcy Court through counsel. Further, the tradelines Plaintiff contends are inaccurate, incorrect and misleading regard alleged (discharged) debts that arose while Plaintiff resided in this District.

5. During all time pertinent to this Complaint, Defendant IQ Data International, Inc. was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

6. Defendant IQ Data International, Inc. is a corporation organized under the laws of the State of Washington. This Defendant can be served with process at its registered office address: c/o CSC-Lawyers Incorporating Services, 601 Abbott Rd., East Lansing, Michigan 48823.

7. Defendant IQ Data International, Inc. principal purpose is the collection of debts and this Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant IQ Data International, Inc. regularly uses the telephone and the mail to engage in the business of collecting debt. Thus, Defendant IQ Data International, Inc.is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Defendant IQ Data International, Inc. is also a "furnisher of information" under 15 U.S.C. §§ 1681s-2(a) and 1681s-2(a) (b) of the FCRA.

9. Experian is a corporation organized under the laws of the State of Ohio and is a "person," as defined by 47 U.S.C. § 153 (10). Experian can be served with process through its registered agent: The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, Michigan 48170.

10. During all time pertinent to this Complaint, Experian was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

11. Experian is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA. Experian regularly furnishes consumer reports to third parties for monetary compensation, fees and other dues.

12. Equifax is a corporation organized under the laws of the State of Georgia. Equifax can be served with process through its registered agent: CSC-Lawyers Incorporating Service (Company), 601 Abbott Rd., Suite 2345, Lansing, Michigan 48823.

13. During all time pertinent to this Complaint, Equifax was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

14. Equifax is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA. During all time pertinent to this Complaint, Equifax regularly furnished consumer reports to third parties for monetary compensation, fees and other dues.

15. During all time pertinent to this Complaint, Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

16. Any violations by Defendants were not in good faith, were knowing, negligent, willful, and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## FACTUAL ALLEGATIONS

17. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

18. Plaintiff filed Chapter 7 Bankruptcy in 2016 in the United States Bankruptcy Court for the Eastern District of Michigan.

19. Plaintiff listed among her debts, unsecured debts owed to Courtyard Apartments and Security Auto Loans.

20. These debts arose prior to Plaintiff's bankruptcy, in or around 2013.

21. There were no objections to Plaintiff's discharge of this debt. Accordingly, Plaintiff obtained a bankruptcy discharge of these debts.

22. Nonetheless, IQD commenced collection activities against Plaintiff through numerous collection letters and phone calls in attempts to collect money on the discharged Courtyard Apartments debt. IQD threatened to report or continue to report Plaintiff as delinquent or past due to the national consumer reporting agencies regarding the discharged debt.

23. Plaintiff told IQD the alleged debt was included in her Chapter 7 Bankruptcy and to cease collection activity. This was futile.

24. In addition to IQD's collection activity for a pre-bankruptcy alleged debt, Plaintiff's consumer disclosures with Experian and Equifax also includes inaccurate, incorrect, and misleading information pertaining to pre-bankruptcy alleged debt.

25. Plaintiff's Experian disclosure lists the IQD tradeline payment status:

- Seriously past due

- Assigned to Attorney, Collection Agency, or Credit Grantor's Internal Collection Department

26. Experian also lists a past due balance of $3,560.

27. Experian fails to indicate the alleged account was included in or discharged in bankruptcy, even though the other national consumer reporting agencies list the IQD account as included in Plaintiff's bankruptcy.

28. Additionally, Plaintiff's Equifax disclosure lists the Security Auto Loans tradeline with an "open" account status and the comment "Consumer Disputes."

29. Equifax fails to indicate the alleged account was included in bankruptcy, even though the other national consumer reporting agencies list the Security Auto Loans tradeline as closed and included in Plaintiff's bankruptcy.

30. Consequently, Plaintiff has suffered damages, including, denials of credit, higher financing costs, emotional distress, embarrassment, frustration, and interference with usual activities.

## COUNT ONE
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692
### Defendant IQ Data

31. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32. Plaintiff asserts this fair debt collection practices claim against Defendant IQ Data.

33. Defendant IQ Data violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant IQ Data violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt, including by threatening to report a past due balance and/or amount owed on a discharged debt to the national consumer reporting agencies, and then following through on this threat;

(b) Defendant IQ Data violated 15 U.S.C. §1692e of the FDCPA by making false representations to Plaintiff about the character and legal status of the alleged debt, the "consequence" of non-payment thereof,

    including reporting a balance on the credit report and reporting the account "open;"

(c) Defendant IQ Data violated 15 U.S.C. §1692e of the FDCPA by threatening unlawfully to report the alleged debt to the national credit reporting agencies; and

(d) Defendant IQ Data violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means in connection with collection of an alleged debt, including by disregarding multiple requests to cease collection efforts despite actual knowledge of Plaintiff's bankruptcy.

34. Defendant IQ Data's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay a discharged debt.

35. Consequently, Defendant IQ Data is liable to Plaintiff for declaratory judgment that CBM's conduct violated the FDCPA, actual damages, statutory damages, costs, and attorney fees. Plaintiff's actual damages include denials of credit, higher financing costs, emotional distress, embarrassment, frustration, and interference with usual activities.

COUNT TWO
VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681
Consumer Reporting Agencies: Equifax, Experian

36. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

37. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

38. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other consumer information. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

39. Experian is required to use reasonable procedures to ensure maximum possible accuracy when preparing consumer disclosures, and willfully and/or negligently failed to do so.

40. Experian knows or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law. Experian obtained or had available substantial written materials that

apprised them of their duties under the FCRA. Despite knowing these legal obligations, Experian acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

41. Experian violated 15 U.S.C. §§ 1681e(b) by failing to use reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer disclosure. Experian either permits furnishers like IQ Data International to report tradelines that are demonstrably incorrect and inaccurate on the face of the Plaintiff's consumer disclosure. For instance, Experian allows furnishers to (falsely) report alleged debts arising prior to the date of a consumer's bankruptcy as currently open, in collections, seriously past due, or with an existing balance, even though these debts arose prior to the date the consumer's bankruptcy and are discharged. Experian's disclosures include the date the consumer filed bankruptcy, whether the consumer obtained a bankruptcy discharge, and the date the inaccurate tradeline account/debt arose or was otherwise opened by the consumer.

42. Alternatively, Experian unreasonably fails to update the consumer's disclosure after bankruptcy. In this case, the other bureaus report the IQD tradeline as included in bankruptcy, while Experian does not.

43. Experian is a direct and proximate cause, as well as a substantial factor in causing damages and harm to Plaintiff. Consequently, Experian is liable

for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 et seq.

44. Equifax is also required to use reasonable procedures to ensure maximum possible accuracy when preparing consumer disclosures, and willfully and/or negligently failed to do so.

45. Equifax knows or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law. Equifax obtained or had available substantial written materials that apprised them of their duties under the FCRA. Despite knowing these legal obligations, Equifax acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

46. Equifax also violated 15 U.S.C. §§ 1681e(b) by failing to use reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer disclosure. Equifax permits furnishers like Security Auto Loans to report tradelines that are demonstrably incorrect and inaccurate on the face of Plaintiff's consumer disclosure.  For instance, Equifax allows furnishers to report debts arising prior to the date of a consumer's bankruptcy as currently open and/or disputed, even though these debts arose prior to the date the consumer's bankruptcy and are discharged. Equifax's disclosures include the date the

consumer filed bankruptcy, whether the consumer obtained a bankruptcy discharge, and the date the inaccurate tradeline account/debt arose or was otherwise opened by the consumer.

47. Alternatively, Equifax unreasonably fails to update the consumer's disclosure after bankruptcy. Here, the other bureaus report the IQ Data International tradeline as discharged in bankruptcy.

48. Equifax is a direct and proximate cause, as well as a substantial factor in causing damages and harm to Plaintiff. Consequently, Equifax is liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants for the following:

Fair Debt Collection Practices Act Violations

(a) Actual, statutory, and punitive damages pursuant to 15 U.S.C. §§ 1692k(a)(1) and 1692k(a)(2);

(b) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

(c) An Order enjoining further violations by CBM; and

(d) Such other and further relief as this Honorable Court may deem just and proper, including post-judgment interest.

Fair Credit Reporting Act Violations

(a) Damages pursuant to 15 U.S.C. § 1681n(a)(1) and § 1681o(a)(1);

(b) Punitive damages as the Court may allow pursuant to 15 U.S.C. §§ 1681n(a)(2);

(c) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(1); and

(d) Such other and further relief as this Honorable Court may deem just and proper, including post-judgment interest.

## JURY DEMAND

Plaintiff hereby demands jury trial on all issues so triable.

RESPECTFULLY SUBMITTED this 15th day of June 2018,

HADOUS|CO. PLLC

/s/Nemer N. Hadous
Nemer N. Hadous (CA #264431)
1 Parklane Blvd., Suite 729 East
Dearborn, Michigan 48126
(313) 415-5559 (phone)
(888) 450-0687 (fax)
nhadous@hadousco.com
Attorneys for Plaintiff Thomas